American Association of Engineers Employment, Inc. v. Commissioner.
American Ass'n of Eng'rs Empl., Inc. v. Commissioner
Docket No. 22919.
United States Tax Court
1952 Tax Ct. Memo LEXIS 298; 11 T.C.M. (CCH) 207; T.C.M. (RIA) 52062; March 7, 1952
*298 Held: 1. Petitioner, during the taxable years 1939 to 1943, inclusive, was not a corporation exempt from taxation under section 101 (6) or (7) of the Internal Revenue Code. 2. Petitioner has established that its failure to file timely tax returns for the respective taxable years was due to reasonable cause and not due to neglect, and the penalties imposed under section 291 of the Internal Revenue Code are disallowed. Harold R. Burnstein, Esq., and John W. Hughes, Esq., 105 W. Adams St., Chicago 3, Ill, for the petitioner. Paul Levin, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income tax, declared value excess-profits tax and excess profits tax, together with penalties, for the *299 years and in the amounts as follows: Declared
Excess
Income
Value Excess-
Profits
25%
Year
Tax
Profits Tax
Tax
Penalties
1939
$ 274.04
$298.98
$143.27
1940
506.04
518.23
256.07
1941
1,205.66
908.76
$298.97
603.35
1942
1,332.06
853.80
279.39
616.32
1943
437.69
266.24
175.98
The issues are: 1. Whether petitioner is exempt from tax under the provisions of section 101 (6) or (7) of the Internal Revenue Code. 2. Whether the respondent properly imposed the 25 per cent penalty for failure to file timely tax returns. Certain facts were stipulated and are found accordingly. Other facts are found from the evidence. Findings of Fact Petitioner is an Illinois corporation having its principal office at 8 South Michigan Avenue, Chicago, Illinois. Its returns for the taxable periods involved were filed in October 1946 with the collector of internal revenue for the first district of Illinois. In 1923 the American Association of Engineers, exempt from tax under section 101 (7) of the Internal Revenue Code, sponsored the incorporation of petitioner under the name of "Association *300 Employment, Inc.", which was later changed to American Association of Engineers Employment, Inc. Petitioner's charter states that the object for which it is formed is "to procure and provide employment for professional engineers." Petitioner has nine authorized and outstanding shares of no par and no stated value, all of which are held by the American Association of Engineers. The stock is nonassignable. Petitioner's work is confined to the engineering field. In addition to operating an employment agency for engineers, its activities consisted of making surveys of engineering conditions, giving vocational guidance, finding openings for engineers, assisting employers to find the right engineer for the position and assisting the Army and Navy in locating engineers for all types of positions. During the years 1939 to 1943, inclusive, petitioner rendered services annually to between 1,500 and 2,500 applicants. It received fees only from applicants securing positions. Its fees for employment service rendered to members of the American Association of Engineers was 50 per cent less than the charge for the same service rendered to nonmembers of that organization. Petitioner's officers *301 are elected annually. It had only one full-time employee; it paid a salary each year to its secretary; it paid for part-time help and for the cost of its operations, including rent, advertising, telephone, postage, supplies, etc. Petitioner has no assets of any kind. It had no minute book or bank account. All fees received from placements of applicant engineers were deposited in the bank account of the American Association of Engineers and all expenses were paid out of that account. The books of the American Association of Engineers contain a section devoted to petitioner. These books are under the control of petitioner's secretary and reflect its income and expenses. Any advance made to petitioner by the Association is treated as a loan. Petitioner's net income for the taxable years here involved was as follows: 1939
$2,491.52
1940
3,925.97
1941
6,884.51
1942
7,531.00
1943
2,162.78
Substantially all of petitioner's income was derived from fees received for placing engineers in positions. No substantial part of petitioner's activities is carrying on propaganda, or otherwise attempting, to influence legislation. During the taxable years involved, petitioner *302 was not a corporation organized and operated exclusively for charitable or educational purposes nor a business league not organized for profit, no part of the net earnings of which inures to the benefit of any private shareholder or individual. Petitioner's tax counsel is John E. Hughes, an attorney who has specialized in Federal taxation for over 25 years. Some time prior to 1933 he renderd a written opinion to petitioner, advising that it was an exempt corporation and was not required to file a Federal tax return. Petitioner's failure to file timely tax returns for each of the years in question was due to the belief, in good faith and on the advice of a reputable tax attorney, that petitioner was an exempt corporation and was not willful. Opinion HILL, Judge: The primary issue is whether petitioner is exempt from Federal income taxation under section 101 (6) or (7) [1] of the Internal Revenue Code. *303 Petitioner is a nonprofit corporation. All of its issued and outstanding shares of no par stock are held by the American Association of Engineers, which is exempt from tax under section 101 (7) of the Code. The object for which it was formed, as stated in its charter, is "to procure and provide employment for professional engineers." It has a board of directors who elect its officers. Substantially all of its income is from fees received from applicants for whom petitioner secures positions. Since petitioner's principal activity is commerical, the rationale of the case of United States v. Community Services, Inc., 189 Fed. (2d) 421, certiorari denied 342 U.S. 932 (Feb. 4, 1952), which we have followed in the recent cases of Joseph B. Eastman Corporation, 16 T.C. 1502, and Donor Realty Corporation, 17 T.C. 899 (Nov. 29, 1951) (on appeal C.A. 2) requires us to hold that petitioner is not exempt from taxation under section 101 (6) of the Code. We think petitioner's contention that it is also exempt under section 101 (7) of the Code as a business league is without merit. The term "business league" is not defined by statute. A definition *304 is contained in Regulations 111, section 29.101 (7)-1. Particularly pertinent here is that part of such regulation which provides: "* * * An organization whose purpose is to engage in a regular business of a kind ordinarily carried on for profit * * * is not a business league. * * *" These regulations have remained unchanged since the earliest revenue acts exempting business leagues. The Department's interpretation of the statute through this regulation through these many years had had the sanction of Congress, giving it the quality of law. Retail Credit Association of Alameda County v. Commissioner, 90 Fed. (2d) 47. In processing applicants for engineering positions and charging fees for placements, petitioner was engaged in a regular business of a kind ordinarily carried on for profit and, therefore, is not a business league. We find no merit in the contention that petitioner is a mere paper department of the American Association of Engineers and that its corporate entity should be disregarded. Where a corporation operates a commercial business ordinarily carried on for profit, as does petitioner, its corporate entity will not be disregarded. We hold petitioner *305 was not exempt from taxation under section 101 (7) of the Code. The remaining issue presents the question whether the respondent properly imposed the 25 per cent penalties pursuant to section 291 of the Code. The record discloses that petitioner consulted with a reputable and competent tax attorney, who advised petitioner's president that it was an exempt corporation and was not required to file Federal tax returns; that petitioner in good faith relied upon such advice. We think petitioner has shown the elements which constitute reasonable cause for its failure to file timely tax returns. Reliance Factoring Corp., 15 T.C. 604. We, therefore, hold that petitioner's failure to file timely returns was due to reasonable cause and not to willful neglect. The penalties imposed are disallowed. Decision will be entered under Rule 50. Footnotes
1. SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS: * * *
(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation. * * * (7) Business leagues, chambers of commerce, real-estate boards, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual;↩